United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Raymond James Hillenbrand,　　　　　　　　　　　　　　Case No. 09-75574-R
　　　　　　Debtor.　　　　　　　　　　　　　　　　　　Chapter 7
_____/

Opinion Regarding Motion to Modify Automatic Stay

I.

On December 7, 2006, the debtor, Dr. Raymond Hillenbrand, sold his chiropractic business, Chiropractic Works, P.C., to Duncan Mukeku, PLLC. As part of the sale, the parties entered into an employment agreement and a covenant not to compete. Disputes arose between the parties and, on November 30, 2009, Mukeku and Chiropractic Works filed suit in Oakland County Circuit Court against Hillenbrand for damages and injunctive relief. In the lawsuit, Mukeku contends, in part, that Hillenbrand is in violation of the non-compete agreement by soliciting and treating patients of Chiropractic Works.

Hillenbrand filed for chapter 7 relief on November 18, 2009. Upon notification of the bankruptcy case, the Oakland County Circuit Court administratively stayed the pending lawsuit.

Mukeku and Chiropractic Works seek relief from the stay in order to enforce the covenant not to compete.

II.

The movants assert that they are not attempting to go to state court to recover money damages, but only seeking to enforce the covenant not to compete. As such, they argue that they are not trying to enforce a claim. They assert that cause exists to lift the stay because Hillenbrand

has contacted their patients and is operating a chiropractic clinic within 20 miles of Chiropractic Works, in violation of the non-compete agreement.

Hillenbrand asserts that the proper analysis to determine whether the movants are attempting to assert a claim is to consider whether monetary damages may be awarded in place of the equitable relief sought. Hillenbrand contends that because, under Michigan law, money damages are available, the relief the movants seek is a claim subject to discharge.

Hillenbrand further argues that the movants have not shown that cause exists to lift the stay.

### III.

The Bankruptcy Code defines a "claim" as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]

11 U.S.C. § 101(5).

The Sixth Circuit addressed the issue of whether an obligation of the debtor constituted a claim in *Kennedy v. Medicap Pharmacies, Inc.*, 267 F.3d 493, 495 (6th Cir. 2001). There, the debtors were subject to a covenant not to compete that arose from a franchise agreement with Medicap Pharmacies. Medicap filed suit in an Iowa state court seeking an injunction against the debtors to enforce the terms of the noncompetition agreement. Before the state court issued a final ruling on the injunction, the debtors filed a bankruptcy petition. Medicap then filed an adversary

2

proceeding objecting to discharge of the injunctive relief and seeking relief from the automatic stay on the ground that the debtors' obligations under the injunction were nondischargeable. The bankruptcy court granted summary judgment in favor of Medicap and terminated the automatic stay so that Medicap could continue its suit for injunctive relief against the debtors in state court.

The Sixth Circuit affirmed, reasoning that because compliance with the injunction would not require the expenditure of money and required only that the debtors cease violating the terms of the covenant not to compete going forward, Medicap's right to injunctive relief did not "equate to being a claim." *Id*. at 497-98. The court stated, "The right to equitable relief constitutes a claim only if it is an alternative to a right to payment or if compliance with the equitable order will itself require the payment of money." *Id.* at 497. *See also In Matter of Udell*, 18 F.3d 403 (7th Cir. 1994) ("[A] right to an equitable remedy for breach of performance is a 'claim' if the same breach also gives rise to a right to a payment 'with respect to' the equitable remedy. If the right to payment is an 'alternative' to the right to an equitable remedy, the necessary relationship clearly exists, for the two remedies would be substitutes for one another.").

Here, compliance with the injunction does not require any expenditure of money. It only requires that the debtor cease violating the terms of the covenant not to compete. The movants are not seeking relief from the stay to go to state court to recover money damages. Further, it is for the state court to determine whether the movants have an adequate remedy at law or whether an injunction should be issued.

Hillenbrand relies on *In re Kilpatrick*, 160 B.R. 560 (Bankr. E.D. Mich. 1993), in support of his position. However, *Kilpatrick* was effectively overruled by *Kennedy*. *See Kennedy* at 498, n.1.

The Court concludes that cause exists to lift the stay for the limited purpose of allowing the

movants to attempt to seek enforcement of the covenant not to compete.

**Signed on February 04, 2010**

                                                    /s/ Steven Rhodes
                                        **Steven Rhodes**
                                        **United States Bankruptcy Judge**